IN RE BLACK'S ESTATE.  BLACK ET AL., APPELLANTS, *v.* BLACK, RESPONDENT.

(No. 2,032.)

(Submitted December 16, 1904.  Decided February 11, 1905.)

*Appeal—Dismissal—Jurisdiction—Administrators—Final Account—Distribution—Satisfaction of Judgment before Appeal.*

Judgment—Satisfaction—Appeal.
    1.  When a judgment has been paid, it ceases to be reviewable on appeal.
Administrators—Distribution—Appeal—Jurisdiction—Dismissal.
    2.  Where the distributees of a decedent's estate executed receipts for their respective shares under the decree of distribution, which was thereupon satisfied and the administrator discharged, the receipts

reciting that they were not intended to cover any money or property referred to in the decree not yet discovered, thus implying that this exception was the only reservation made by the distributees as to the liability of the administrator, and thereafter appeal from such decree, the supreme court will dismiss such appeal for lack of jurisdiction.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

IN THE MATTER of the estate of John H. Black, deceased. From the decree of distribution, Agnes L. and Amadee L. Black appeal. On motion to dismiss. Motion sustained.

*Mr. John A. Luce,* for Appellants.

*Messrs. Hartman & Hartman,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On April 16, 1903, the administrator of the estate of John H. Black, deceased, filed in the district court of Gallatin county for settlement his final account, and at the same time a petition for the distribution of the estate. The account was, after amendment and a hearing of objections thereto by the distributees, settled, and a decree of distribution made and entered in accordance with the prayer of the petition. The decree was entered on September 14th. Thereupon the appellants, son and daughter of the deceased, appealed generally from the decree and from an order denying them a new trial. The appeal from the decree was perfected on November 13th. The order denying a new trial was made on January 11, 1904, and the appeal therefrom was perfected on January 15th. A motion has been submitted, asking that the appeals be dismissed on the ground that before either of them was perfected, and before the motion for new trial was made, the appellants had received from the administrator the distributive shares allotted to them, respectively, by the decree, giving receipts in full therefor, and that the administrator has been finally discharged.

In support of the motion, respondent has submitted a copy of the order of final discharge, and also of the receipts signed and

delivered to him by the appellants upon which the order of discharge was made, all dated September 14, 1903. Affidavits accompanying these copies show that the receipts were actually delivered on the day after the administrator had delivered to the appellants the shares in the estate to which they were declared entitled. The order of discharge was entered immediately thereafter. The affidavits also show that the property belonging to the estate was actually delivered by the administrator to the distributees. The receipts are identical, and their recitals, omitting the title, are as follows: "This is to certify that I have received of A. H. Black, administrator of the estate of John H. Black, deceased, the sum of $2,245.85, and an undivided half interest in and to all of the real estate and personal property of the estate of John H. Black, deceased, mentioned and described in the decree of distribution duly given, made and entered in said estate by the court on the 14th day of September, A. D. 1903, this receipt being in full of the distributive share of the said estate as allotted to me in and by said decree of distribution herein on said day entered. This receipt is not intended to cover any money or property referred to in said decree as not yet discovered. Dated this 14th day of September, A. D. 1903."

The theory of respondent is that the appellants, having accepted the provisions of the decree and voluntarily satisfied the same, were not at liberty thereafter to move for a new trial, and appeal from the order overruling the motion, or from the decree. Appellants contend that the record shows that they were entitled absolutely to the amount of the shares delivered to them, and that a decision of this court upon the contested items of the account cannot possibly affect respondent's liability to them for these amounts.

The right to accept the fruits of a judgment, and at the same time to prosecute an appeal from it, are not concurrent. On the contrary, they are wholly inconsistent rights. The election of one necessarily excludes the enjoyment of the other. When a judgment has been paid, it has passed beyond review; the satisfaction of it being the end of the proceeding. "Payment pro-

duces a permanent and irrevocable discharge, after which the judgment cannot be restored by any subsequent agreement, nor kept on foot to cover new and distinct engagements." (Freeman on Judgments, 466. See, also, *In re Baby's Estate,* 87 Cal. 200, 22 Am. St. Rep. 239, 25 Pac. 405; *Estate of Shaver,* 131 Cal. 219, 63 Pac. 340; *Sterne* v. *Vert et al.,* 111 Ind. 408, 12 N. E. 719; *Cassell et al.* v. *Fagin,* 11 Mo. 207, 47 Am. Dec. 151; *Moore* v. *Floyd et al.,* 4 Or. 260; *Laird* v. *Giffin,* 84 Wis. 286, 54 N. W. 584; *Hamilton County* v. *Bailey,* 12 Neb. 56, 10 N. W. 539; *Borgalthous* v. *Insurance Co. et al.,* 36 Iowa, 250; *Jarvis* v. *Mitchell,* 99 Mass. 530; *Rolette County* v. *Pierce County,* 8 N. D. 613, 80 N. W. 804; *Alexander* v. *Alexander,* 104 N. Y. 643, 10 N. E. 37; *Holt et al.* v. *Rees et al.,* 46 Ill. 181; 2 Cyc. 654.) The only exceptions to this general rule established by the foregoing authorities are where the appeal is taken from some specific part of the judgment, in a case in which several independent issues have been tried, and a review of the action of the court on one or more of them by the appellate court will not disturb the determination already had of those about which no complaint is made, or where the amount found in favor of the appellant is due him in any event, and the only question left to be determined by the appellate court is whether his recovery should have been greater. Such exceptions are recognized by the following cases cited by counsel for appellants: *State* v. *Central Pac. R. Co.,* 21 Nev. 172, 26 Pac. 225; *Higbie* v. *Westlake,* 14 N. Y. 281; *Embry* v. *Palmer,* 107 U. S. 3, 2 Sup. Ct. 25, 27 L. Ed. 346; *Reynes* v. *Dumont,* 130 U. S. 354, 9 Sup. Ct. 486, 32 L. Ed. 934; *Merriam* v. *Victory Placer M. Co.,* 37 Or. 321, 56 Pac. 75; *Mellen* v. *Mellen,* 137 N. Y. 606, 33 N. E. 545.

In each of these cases it will be seen that the party appealing was confessedly entitled to receive what was awarded him by the court below, the only question for determination being whether the amount should not be increased, or else complaint was made of some particular part of the judgment, the review of which did not affect the other issues adjudicated. One other exception to the general rule seems to be recognized in the case

of *In re Day,* 18 Wash. 359, 51 Pac. 474, as where the appeal has been perfected before the payment of the judgment.  But this exception is only apparent, for *Hinchman* v. *Point Defiance Ry. Co.,* 14 Wash. 349, 44 Pac. 867—the case cited by the court in support of its conclusion—falls within one of the exceptions of the cases cited.  It will be found upon an examination of this case that the appellant was entitled in any event to the amount received, and that, though the judgment should be reversed or modified as to the part of it from which the appeal was being prosecuted, his right to the amount received would not be affected.

Counsel for appellants contend that, inasmuch as the account of the administrator was made up of many items, some of which were allowed by the court, and others disallowed, it is apparent that the amount allowed was due to the distributees in any event, and that this condition brings these appeals within the second exception made in the cases cited.  In this we do not agree with him.  The appeals were taken generally, both from the judgment and from the order denying a new trial, and the purpose sought is a reversal of the action of the district court as a whole.  Where the appeal is general, and a reversal of the judgment as a whole is sought, so that the trial court may hear the case anew, with the probable result that the amount awarded to the appellants may be greater or less under proof of facts and circumstances which may be entirely different, the result of the appeals should put the parties in *statu quo.*  In this case objections were made to many items.  Some of them were sustained, and some overruled, and the action of the court as a whole is complained of.  If these appeals should be tried upon their merits, and the judgment reversed, upon another trial in the court below the administrator might be sustained in some of his claims upon adducing other proof, and thus the result would be that the parties would not stand relatively in the same position as when the original judgment was entered.  Under such circumstances, we feel constrained to hold that the appeals fall under the general rule, and that they must therefore be dismissed.

For another reason, however, we think that this court has no jurisdiction of the appeals. The receipts, read and construed according to their plain import, clearly imply that it was the intention of the distributees at the time they were executed to acknowledge receipt in full of all the distributive shares to which they were entitled in the estate, with the one exception that they would be entitled to a distributive share in any other money or property not yet discovered at the time the decree was entered. The recital in the receipts is, "This receipt is not intended to cover any money or property referred to in said decree not yet discovered"; clearly implying that the exception thus provided for was the one reservation made by the signers of the receipts as to the liability of the administrator. Such being the case, it is clear that on this ground, also, the appeals must be dismissed.

Let the appeals be dismissed.

*Dismissed.*

MR. JUSTICE MILBURN concurs.

MR. JUSTICE HOLLOWAY, being disqualified, did not hear the argument, and takes no part in the foregoing decision.