## LUSE v. STEELE.

No. 4459.    Opinion Filed November 9, 1915.

(152 Pac. 1074.)

**APPEAL AND ERROR—Right of Appeal—Waiver—Compliance With Judgment.** In a case where judgment in two parts, considering and determining separate and distinct matters, was rendered on different days, and the first part was complied with by delivering a deed pursuant thereto before the renditon of the second part, which determined the only remaining question, on an accounting, of the balance due one of the parties, **held,** that compliance with that part of the judgment providing for the delivery of the deed cannot be construed as an admission by plaintiff in error that the subsequent proceedings, upon which the issue as to the balance due the opposing party was determined, would be or are correct, or as a waiver of errors occurring in such proceedings, where the reversal or modification of the judgment could in no manner deprive defendant in error of his status or any right under the conveyance so delivered to which he would otherwise be entitled. Plaintiff in error could be estopped to pursue his remedy by appeal only by conduct inconsistent with the assertion of his right

to have the action of the court upon the only controverted question in the case, the matter of the balance due his opponent, reviewed.

(Syllabus by Bleakmore, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by C. L. Steele against O. P. Luse, doing business under the name of the Owl Drug Company, and another. Judgment for plaintiff against defendant Luse, and he brings error. Affirmed in part, with directions to modify.

*Preston C. West,* for plaintiff in error.

*O'Hare & Davidson,* for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in the superior court of Muskogee county on March 26, 1912, by C. L. Steele, against O. P. Luse and J. F. Killheffer, to rescind a sale of the stock and fixtures contained in a drug store in the city of Muskogee. The parties will be referred to as they appeared in the trial court.

By the petition it was alleged, in substance, that on May 18, 1911, the parties entered into a written contract for the sale of said property, the agreed price of the fixtures being $4,378.05, the stock of drugs to be invoiced and the entire purchase price paid within ten days; that the value of the merchandise at the invoice price was $3,284.95; that it was agreed that as a part of said purchase price defendants were to convey to the plaintiff certain lands situate in the State of Missouri at the agreed value of $6,000, and that $1,000 cash was to be paid at the time of the execution of the contract; that defendants took possession of said drug business, and

conducted the same for some time thereafter; that they failed to perform said contract, in that they had no title to the Missouri land, and did not convey the same to the plaintiff, and refused to pay the remainder of the purchase price; that defendant O. P. Luse, from the 1st day of June, 1911, had been in the possession of said property, and had conducted the business under the name of the Owl Drug Company, taking and retaining the income and profits thereof. There was prayer for a receiver to take charge of the property and manage the business pending determination of the action, for rescission of the contract of sale, possession of the stock and fixtures, and an accounting, etc.

A receiver was appointed at the institution of the action, but was soon after discharged upon defendant executing bond. Service was had only upon defendant Luse, who answered, alleging:

"That said purchase money for said drug store and stock has been paid by the conveyance to said plaintiff of said lands in Missouri described in plaintiff's petition, and $1,000 in cash and check paid to plaintiff by said J. F. Killheffer, and $446.55 in merchandise, money paid out for plaintiff and work and labor done for plaintiff by this defendant, leaving a balance of $131.58, which defendant is able, ready, and willing at all times to pay, and has offered at times before this action was brought and here offers to pay the plaintiff.

"That said condition of payment within ten days from the execution of the said contract has never been insisted upon by plaintiff, nor claim made by plaintiff that said sale was at an end on that account.

"That on or about May 29, 1911, an agreement was made between said J. F. Killheffer, plaintiff, C. L. Steele, and this defendant, that if this defendant would go ahead

and complete the contract and relieve Killheffer of any further responsibility on said contract, this defendant was to have Killheffer's entire interest in the said contract and the benefit of the $1,000 that he (Killheffer) had heretofore paid to plaintiff, and thereafter this defendant proceeded to complete the said contract."

It appears from the evidence that at the inception of the transactions involved plaintiff was the owner of the drug store in the city of Muskogee. The defendant O. P. Luse and one Killheffer were buying as partners. The contract of sale provided for the payment of $1,000 cash, the conveyance of the Missouri farm, and the payment of the remainder of the purchase price to be ascertained by invoice of the stock within ten days. Instead of $1,000, only $200 in cash was actually paid at the time of the execution of the contract, Killheffer giving his check to the plaintiff for $800. This check was not honored, and in lieu thereof Killheffer executed his note for the same amount due June 1, 1911, payable to a local bank, which accepted the same for collection. A few days thereafter Killheffer left the state, the defendant Luse remaining in charge and conducting the business. The note was not paid, although both the plaintiff and defendant endeavored to make collection thereof, Luse going to the State of Iowa and incurring other expenses in that regard. Defendant testified that Killheffer retired from the business by consent of all parties; it being mutually agreed that in consideration of his assumption of the remaining obligations of the firm to Steele he (Luse) was to be released from liability for the $800 evidenced by the Killheffer note, and that his efforts to collect the same were put forth at the instance and solely for the benefit of Steele.

Plaintiff contends that there was no change in the terms of the contract, and that defendant's action in attempting to collect the note was prompted by his recognized liability for the amount thereof. When the contract of sale was made the Missouri land was owned by the brother of defendant, who on the 18th day of May, 1911, executed a warranty deed conveying the same to plaintiff. This deed was placed in a safe in the drug store, defendant contending that it was then actually delivered to the plaintiff, and plaintiff insisting that the same was never delivered to nor accepted by him.

After a hearing, on April 24, 1912, the court determined that plaintiff was not entitled to rescission, and adjudged that defendant within 30 days deliver to him a warranty deed conveying marketable title to the land, or, upon failure so to do, that plaintiff have judgment in lieu thereof for the sum of $6,000, and, further, that unless the parties within 48 hours agreed upon the balance due plaintiff, an accounting be had on April 30th thereafter before the court.

Defendant delivered the conveyance of the land theretofore executed; but there was failure to agree upon the balance due plaintiff. Subsequently, on May 11th, the court heard evidence and determined the amount of the balance due plaintiff, as upon an accounting, and made the following findings of fact:

"I find the account between the plaintiff and the defendant in this case to be as follows, to wit:

"The defendant should be charged with the sum of $1,543.47, the said amount being the amount due under the original contract of sale between the parties, with interest at 6 per cent to this date.

"The defendant should be charged with $700 for the rent of the Missouri farm for the year 1911.

"The plaintiff should be charged with the sum of $309.50, this being the amount of the account of the Owl Drug Company against C. L. Steele, less the following items, to wit:

"December 20th, expenses to Iowa............................ $50.00
December 20th, one week's time............................ 35.00
February 1st, paid to Attorney Saver 1/13................. 50.00"

—these three items of the defendant's account being disallowed.

Judgment was rendered upon such findings against defendant in the sum of $1,933.97.

Plaintiff argues that by delivering the deed conveying the Missouri land defendant complied with and accepted benefits under the judgment, and is thereby estopped to maintain this proceeding in error. We think this contention is without merit.

Defendant in his answer and at the trial insisted that he had already procured to be executed and delivered to plaintiff the very conveyance ordered to be delivered, and of which, pursuant to such judgment, he apparently made immediate delivery. Even if the adjudications of April 24th and May 11th be treated as a single judgment, it is clear that it was only considered and determined, in the first instance, that defendant, in part satisfaction of his indebtedness to plaintiff, should deliver to him a proper conveyance of the lands described, or, in lieu thereof, plaintiff have judgment for their stipulated value, and reserving for submission to the court at a future time, should the parties fail to agree thereon, the question of the amount then remaining due to plaintiff, and in the second instance the court found and adjudged

such balance. Such judgment determined distinct and separate matters, and in this respect is severable.

Compliance with that part of the judgment providing for the delivery of the deed cannot be construed as an admission by defendant that the subsequent proceedings, upon which the issue of the balance due plaintiff was determined, would be or were correct, or as a waiver of errors occurring in such proceedings, operating to bar his right to have the same reviewed upon appeal. The reversal or modification of the judgment which defendant seeks could in no manner deprive plaintiff of his status or any right under the conveyance so delivered to which he would be otherwise entitled; and defendant could be estopped to pursue his remedy by appeal only by conduct inconsistent with the assertion of his right to have the action of the court upon the only real issue in the case, the matter of the balance due plaintiff, reviewed. *Embry v. Palmer*, 107 U. S. 3, 2 Sup. Ct. 25, 27 L. Ed. 346; *Reynes v. Dumont*, 130 U. S. 354, 9 Sup. Ct. 486, 32 L. Ed. 934; *Gilfillan v. McKee*, 159 U. S. 312, 16 Sup. Ct. 6, 40 L. Ed. 161; *Hodges v. Smith*, 34 Tex. Civ. App. 635, 79 S. W. 328; *Tyler v. Shea*, 4 N. D. 377, 61 N. W. 468, 50 Am. St. Rep, 660; *Morriss v. Garland*, 78 Va. 215.

Among the numerous assignments of error urged by defendant are: (1) That the court erred in failing to find that the contract of sale was changed by a new agreement releasing defendant from liability for that part of the initial $1,000 payment of the purchase price represented by the unpaid note of $800; and (2) that there was no claim by the plaintiff in the pleading that he was entitled to the rental of the Missouri lands for the year

1911, and that there was no evidence to support the findings and judgment awarding plaintiff $700 therefor.

As to the first of these contentions, while the testimony as to the novation claimed by defendant is conflicting, yet the evidence is sufficient to sustain the court in refusing to find that there was any change in defendant's obligation under the written contract of sale.

The finding and judgment that defendant should be charged with $700 for the rent of the Missouri farm for the year 1911 was erroneous, in that there was no evidence as to the actual or reasonable rental value of the same for said year; and the undisputed evidence was that a conveyance thereof, although not effective by delivery and acceptance, was executed by the brother of defendant to the plaintiff on May 18, 1911, and that neither defendant nor his brother had collected or in any manner received any rent or revenue therefrom for said year.

The judgment should be affirmed, save as to said item of $700 charged against defendant, and the cause remanded, with directions to the trial court by proper proceeding to determine the rental value of said land for the year 1911, and to modify said judgment to the extent of the difference, if any, between such rental value and said sum of $700.

The costs in this court should be taxed against the parties equally.

By the Court: It is so ordered.