RICHLI ET AL., APPELLANTS, *v.* MISSOULA TRUST & SAVINGS BANK ET AL., RESPONDENTS.

(No. 3,814.)

(Submitted October 8, 1917.  Decided October 13, 1917.)

[168 Pac. 41.]

*Water Rights—Appeal and Error—Right of Appeal—Estoppel—Acquiescence in Decree.*

Right of Appeal—Estoppel.
   1.   Where a party has recourse to a judgment as an active instrument for his benefit, he may not thereafter prosecute an appeal from it.

Water Rights—Right of Appeal—Estoppel by Acquiescence in Decree.
   2.   *Held,* under the above rule, that plaintiffs in a water right suit estopped themselves from prosecuting an appeal from the decree in the provisions of which they acquiesced during the entire irrigating season following its entry by consenting to the appointment of a water commissioner to apportion the water of the stream in controversy as decreed, by contributing to the payment of his compensation, by prosecuting such officer for contempt, as well as by soliciting the appointment of a new commissioner for the second season following rendition of the decree.

   [As to equitable estoppel as defense to suits to restrain diversion and use of water, see note in Ann. Cas. 1914B, 996.]

*Appeal from District Court, Missoula County; John E. Patterson, Judge.*

SUIT by John Richli and others against the Missoula Trust & Savings Bank and others. From the decree, plaintiffs John Richli and Harry Taylor appeal. Appeal dismissed.

*Mr. Harry H. Parsons,* for Appellants C. E. Quast, Earl D. White and I. E. Andrus, submitted a brief; *Mr. Elmer E. Hershey,* for Appellants John Richli, Harry Taylor, Missoula Trust and Savings Bank and the W. H. Smead Company, argued the cause orally. A joint reply brief to Respondent's motion to dismiss was filed by above counsel in behalf of Appellants and John C. Lehsou, Respondent.

*Mr. Frank A. Roberts* and *Mr. E. C. Mulroney,* for Mary F. England, Ella M. Anderson, Catherine Flynn, Executrix, and Ellen Flynn, Respondents, submitted a brief, as well as one in support of motion to dismiss appeal. *Mr. Roberts* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

Suit to settle and determine the rights of the respective parties to the waters of Grant Creek in Missoula county. Decree was entered on December 19, 1914. Within a year thereafter the appellants filed their notices of appeal, and since that time have filed a bond and transcript for the purpose of perfecting a joint appeal from such decree. Respondents have moved to dismiss the appeal upon several grounds, among them this: "That the * * *. appellants * * * each and all acquiesced in, ratified and recognized the validity of the decree, * * * acted under said judgment and decree, claimed and accepted the fruits and benefits thereof, and enforced their rights thereunder, and that they are now estopped from denying the validity of said judgment or of appealing therefrom, as will appear from the records, papers and files in this action, * * * certified copies of which * * * are attached hereto."

The record shows that the decree in question, together with the findings of fact and conclusions of law on which the decree is based, were prepared and submitted to the trial court by the

counsel for the plaintiffs Richli and Taylor, who are appellants in this court; that although notice of such findings, conclusions, and decree was given to counsel for all the defendants within five days after the making and entering of the same, no protest, objection or exception was ever made or taken to the same, save as hereinafter stated; that on April 7, 1915, a meeting was held for the purpose of selecting a board to manage and control the use of the waters of Grant Creek under said judgment and decree, which meeting was attended by fifteen or more of the parties to this action, including the appellants Richli, Taylor, Andrus, Margaret Johnson and the Smead Company, whereat the appellants Richli and Quast, as well as the representative of the Smead Company and two others, were chosen for such board, and whereat it was voted to request the court to appoint Dan J. Courtney as water commissioner to distribute the waters under said decree; that Richli did not act as a member of such board, nor take any part in procuring the appointment of a commissioner; that on April 13, 1915, Courtney was appointed as such commissioner, and he proceeded to and did distribute water under said decree to the parties to this action, including all the appellants; that on April 29, 1915, certain of the parties, including the appellants Andrus, Margaret Johnson, and the Smead Company, filed in the district court a petition, asking that the water commissioner be cited to appear and show cause why he should not be removed as well as punished for contempt for failing to carry out the terms of the decree—in support of which petition the appellant Andrus and J. N. Huckaba (representing the appellant Smead Company) filed affidavits, complaining that the commissioner had refused to furnish certain of the parties, including the affiants and the appellant Margaret Johnson, with the water to which they are entitled under the decree, notwithstanding their demand therefor; that he is in contempt of court for refusing and neglecting to carry out the terms of the decree; that he does not understand measuring water, and "is therefore unable to give to the various parties the quantity of water to which they are entitled under the decree"; that the

54 Mont.—9

proceeding just referred to was dismissed by stipulation without prejudice on May 8, and two days later the appellant Andrus filed a formal complaint, praying the removal of the water commissioner and his punishment for contempt, in which complaint he expressly grounds the rights of himself and of the appellants Margaret Johnson and the Smead Company upon the decree, alleges failure and refusal of the commissioner to carry out the terms of the decree, avers that his distribution of the water was "not in accordance with the decree," that he has acted without regard to the decree, giving too little to some and too much to others, and is unable, because he does not understand the measurement of water, to administer the decree; that in this complaint appellant Andrus was, on May 12, 1915, formally joined by the appellants Taylor, Margaret Johnson, Quast and eight other parties to the action, and the hearing had the same day resulted in an order retaining the commissioner and continuing the proceeding; that on May 25, all the appellants confessed knowledge of the findings, conclusions, and decree by filing either notices of intention to move for new trial or formal exceptions to such findings and conclusions, but the notices of intention were fatally defective, and the exceptions were never presented to or brought to the attention of the court; that on August 7 the hearing upon the complaint to remove the commissioner and punish him for contempt was resumed, and at such hearing the appellant Richli testified in favor of retaining the services of a commissioner to administer said decree until September 1 at least, and the final order of the court was in accordance with that view; that during the months of April, June, July and August, 1915, the commissioner distributed water as under said decree to the parties thereto, including all the appellants, who each and all and at divers and sundry times demanded and received such water as under and pursuant to said decree, and each paid from month to month their respective and proportionate shares of his salary fixed for such service; that the headgates and weirs for the measurement of the water so distributed were placed at the heads of each of the respective

ditches of all the parties to this action, by such parties; that on March 20, 1916, all the appellants joined with nine others of the parties to this action in a petition to the district court, which recites that they are persons "to whom were given water by that certain decree made by the court in the above-entitled action," and requests "the appointment of L. M. Coleman as water commissioner (from May 1 to August 1, 1916), who shall have authority to administer and distribute to the parties bound by said decree the water to which they are entitled according to their rights as fixed by such decree."

In the domain of the law, as elsewhere, "One cannot eat his [1, 2] cake and have it too." The appellants, at almost every opportunity and in almost every way open to them, signified their acceptance of or acquiescence in the decree from which they now seek to prosecute an appeal. They did more than merely take and use the waters of Grant Creek; they each invoked the decree, claiming not only the right to use the water, but claiming such rights as under, defined by, and awarded to them in, the decree. The water commissioner, appointed at the solicitation of some of them, prosecuted for contempt by others of them, and paid for dispensing water by all of them, could only have been appointed, punished or paid in virtue and consequence of the decree. Even after they had filed their notices of appeal from the decree, the appellants stood upon it in the district court asserting rights under it, soliciting the appointment of a commissioner of their choice with authority to administer the decree during the irrigating season of 1916 and to distribute water to them as to parties who are bound and whose rights have been determined by the decree. Thus the decree was and is an active instrument in the hands of the appellants for their benefit, and they cannot now be permitted to prosecute an appeal from it to this court. (*Estate of Shaver*, 131 Cal. 219, 63 Pac. 340; *Storke* v. *Storke*, 132 Cal. 349, 64 Pac. 578; *Turner* v. *Markham*, 152 Cal. 246, 92 Pac. 485; *McKain* v. *Mullen*, 65 W. Va. 558, 29 L. R. A. (n. s.) 1, and note, pp. 1–7,

64 S. E. 829; *Elwert* v. *Marley*, 53 Or. 591, 133 Am. St. Rep. 850, 99 Pac. 887, 101 Pac. 671.)

Respondents' motion is granted and the appeal is dismissed.

*Dismissed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.