PECK, EXECUTRIX, APPELLANT, v. BERSANTI ET AL., RE-SPONDENTS.

(No. 7,423.)

(Submitted November 7, 1935. Decided November 27, 1935.)

[52 Pac. (2d) 168.]

*Mr. John E. Claxton* and *Mr. John A. Shelton,* for Appellant, submitted a brief; *Mr. Shelton* argued the cause orally.

*Mr. W. J. Paul,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff brought this action in the district court of Silver Bow county to secure an adjudication of the water rights of the stream known as Brown's Gulch and its tributaries, all located in that county. Numerous parties defendant were named in the complaint. Findings of fact and conclusions of law were made and filed and decree was entered in conformity therewith, adjudging that plaintiff was the owner of the first two rights on the stream; also adjudging that the defendants Simon were the owners of rights of equal priority to those of certain other defendants, all of which rights were second in point of time to those of plaintiff. The defendants Simon perfected an appeal to this court from this judgment. Prior to the perfection of this appeal plaintiff sought in the above district court, and secured, the appointment of a water commissioner to enforce the provisions of the decree. Subsequent to the appeal by the defendants Simon, plaintiff perfected this appeal from the same decree. Both appeals were heard together on the same day. The other defendants have neither appeared in this court nor perfected separate appeals from this decree. Defendants

Simon have interposed a motion to dismiss this appeal on the ground "that plaintiff sought and procured the enforcement of the decree appealed from in this cause in the lower court and that by reason thereof plaintiff is barred and estopped from appealing to the supreme court from the terms of said decree."

Defendants rely on the decision of this court in support of their motion on the case of *Richli* v. *Missoula Trust & Savings Bank,* 54 Mont. 127, 168 Pac. 41, wherein the court in a water right suit held that parties who participated in proceedings for the appointment and removal of a water commissioner under a decree were estopped to prosecute an appeal from it to this court, on the theory that those parties had thereby accepted the benefits of the decree and thus assumed a position inconsistent with the right to appeal. Plaintiff in resisting the motion asserts that a distinction exists between the case at bar and the *Richli Case* on which defendants rely, in that her appeal here is in effect a cross-appeal and that at the time she invoked the powers of the court to appoint a water commissioner and of his appointment, the appeal on behalf of the defendants Simon was not then perfected, a situation the like of which did not exist in the case relied upon by defendants.

We appreciate that some merit is found in the contention of plaintiff, as a party might be entirely willing to accept in its entirety a decree as entered, but when another seeks its modification a party otherwise satisfied might desire, in order to preserve his rights by reason of this change in conditions, to seek a modification of the decree in other respects. This court, however, is not altogether satisfied with the application of certain recognized principles of law to the facts made in the former decision, and we therefore propose to re-examine and reconsider the question.

The rule is generally recognized that the right to accept the ██ fruits of a judgment and at the same time to prosecute an appeal from it are not concurrent; on the contrary, they are wholly inconsistent rights. The election of one necessarily excludes the enjoyment of the other. (*In re Black's Estate,* 32

Mont. 51, 79 Pac. 554; 2 R. C. L. 61; 3 C. J. 679.) Like most general rules, however, this one is subject to certain exceptions and qualifications. The exception to this rule, which is everywhere recognized, is that where the reversal of a judgment cannot possibly affect an appellant's right to the benefit accepted under a judgment, then appeal may be taken and will be sustained despite the fact that the appellant has sought and secured such benefit. (*In re Black's Estate*, supra; 2 R. C. L. 62; 3 C. J. 682; *First Nat. Bank* v. *Wakefield*, 138 Cal. 561, 72 Pac. 151; *Merriam* v. *Victory Min. Co.*, 37 Or. 321, 60 Pac. 997; *Embry* v. *Palmer*, 107 U. S. 3, 2 Sup. Ct. 25, 27 L. Ed. 346; *Bechtel* v. *Evans*, 10 Idaho, 147, 77 Pac. 212; *Luse* v. *Steele*, 52 Okl. 248, 152 Pac. 1074; *Gay* v. *Householder*, 71 W. Va. 277, 76 S. E. 450, Ann. Cas. 1914C, 297.) In its former decision in the case of *Richli* v. *Missoula Trust & Savings Bank*, supra, this court in making the statement of the rule there pronounced recognized no exceptions to it, and in support of its statement cited decisions from other jurisdictions. Among the foregoing citations recognizing the above exception are found decisions from every jurisdiction recognizing the exception, from which this court cited decisions in its former opinion.

The plaintiff by this appeal is not seeking a reversal of the judgment in its entirety; she is desirous of increasing the amount of her appropriation. Defendants Simon, by their appeal, are attempting to secure a change in the date of their own appropriation to an earlier one, and a setting back of plaintiff's date of appropriation, so that their appropriation will be prior to that of plaintiff. Most of the decisions on the question of estoppel against the right of appeal relate to money judgments, although the rule and its exception have been applied to other types of judgments.

We appreciate that some courts have held that where, as in this jurisdiction, on appeal in equity cases (sec. 8805, Rev. Codes 1921), the court under statute or by rule of practice is granted power to review the entire record and to modify, affirm or reverse and the appellant is seeking only a modification of

the decree and the court has power to decide questions not presented by exception or specification, the exception to the rule is without application, as is illustrated by the cases of *Tyler* v. *Shea,* 4 N. D. 377, 61 N. W. 468, 50 Am. St. Rep. 660, and *Burton* v. *Brown,* 22 Gratt. (Va.) 1. It was, however, held by the supreme court of California in the case of *Walnut Irr. Dist.* v. *Burke,* 158 Cal. 165, 110 Pac. 517, in a water right suit where certain rights were decreed in favor of the parties and judgment for costs in favor of the defendants and against the plaintiff, who had paid and the defendants had accepted the amount of these costs and thereupon the defendants appealed, as follows: ''The appeal in this case is from the whole of the judgment. If the judgment should be reversed for a new trial, the judgment for the costs which defendants have received would be vacated and their ultimate right thereto would depend upon the result of the new trial. The appeal, in that event, would directly affect their right to that which they have accepted; they would be estopped from prosecuting it and the court would necessarily refuse such relief or dismiss the appeal. But this would not be true, if the relief which the defendants seek by their appeal can be given by a modification of the judgment, eliminating therefrom the part which was erroneously adjudged against them, leaving the remainder in force. A reversal for that purpose would not require a new trial nor affect their right to the costs already received. No injustice would thereby be done to the plaintiff. It will have paid that which it should have paid, and no more. Under the rules above stated there would be no estoppel, and the appeal may be retained, unless upon an examination of the merits it appears that a new trial must be ordered.''

In the case of *Idaho Irr. Co.* v. *Gooding,* 285 Fed. 453, it was contended that certain of the parties to it had deprived themselves of the right of appeal by recognizing the validity of the decree. This contention was based on the fact that they had participated in the transfer of water rights from lands entitled to water under the decree to lands that were excluded by it

from the project. The reason given for the transfer was that it was made to protect growing crops during the appeal, and the interveners were forced either to suffer great loss during the pendency of the appeal or secure a transfer of water rights from uncultivated lands to those that had been improved. It was there held that the transfer of these water rights in order to preserve crops was not such an acquiescence in the terms of the decree as amounted to an estoppel operating against the right of appeal.

In the case of an ordinary money judgment in favor of a prevailing party, if he elects to appeal and the case is reversed, his position is identical with that occupied by him at the commencement of his action. He has lost no rights that he did not enjoy at its beginning, although a party making such election to appeal and not to accept the fruits of a judgment already recovered may make an unwise selection of remedies. However, in a water right suit such as is before us, if we apply the rule of the former decision of this court, plaintiff, if unable to secure water without the aid of a water commissioner, would be compelled either to accept the decree as rendered by the trial court, or, if an appeal is perfected, she must forego all of her rights to the water even as to the amount the court awarded by a decree, pending review and decision by this court, thereby losing her crops during the intervening irrigation season or seasons. If her appeal is successful and her contentions are sustained, she has lost the use of the water for the season and her rights thereby lost are not restored or compensated for in any manner. Unlike the judgment creditor in the case of a money judgment, such party cannot on reversal be restored to his original condition.

The judgment in this case was entered on July 7, 1934. The appeal was heard after the close of the irrigation season in 1935. Plaintiff's point of diversion was below those of all the other appropriators on the stream. To apply the rule for which the defendants contend would lead to a result which is abhorrent to the sound principles of equity and justice.

We, therefore, hold that a party to a water right decree who invokes the aid of the court for the purpose of enforcing its provisions does not thereby estop himself from perfecting. an appeal, and what was said by this court to the contrary in the case of *Richli* v. *Missoula Trust & Savings Bank,* supra, is expressly overruled.

In view of the fact that it will be necessary to review the evidence in connection with defendants' appeal, plaintiff's specifications of error will be considered in the opinion in cause No. 7,402, this day decided.

The motion to dismiss plaintiff's appeal is denied.

ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, takes no part in the foregoing decision.

Rehearing denied December 30, 1935.