No. 13724

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

———————————

FRANK K. NILES,

        Plaintiff and Appellant,

  -vs-

CARBON COUNTY et al.,

        Defendants and Respondents,

  and

MIKE M. VUKELICH,

        Defendant, Respondent and Cross-Appellant

———————————

Appeal from:  District Court of the Thirteenth Judicial District,
            Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

    For Appellant:

        Joseph E. Mudd argued, Bridger, Montana
        Reno and Dolve, Billings, Montana


    For Respondents:

        Ayers and Alterowitz, Red Lodge, Montana
        Michael Alterowitz argued, Red Lodge, Montana

———————————

Submitted:  June 10, 1977

Decided: AUG 1 1977

Filed: AUG 1 1 1977

*Thomas J. Kearney*

                Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This action involves defendant's motion to dismiss plaintiff's appeal from a summary judgment in defendant's favor.

On July 7, 1971, Carbon County assigned to plaintiff, Frank K. Niles, a tax sale certificate for certain real property which had previously been struck off to the county. On August 14, 1973, plaintiff filed action to obtain a tax deed from the county and to quiet title to the property. Plaintiff named Mike M. Vukelich, Trustee, and others as defendants. The action was later dismissed against all defendants save Vukelich.

In a January 6, 1977 hearing on motions for summary judgment, the district court found that Vukelich had properly redeemed the property. It granted summary judgment in Vukelich's favor, directing the Carbon County treasurer to issue a certificate of redemption to Lila K. Vukelich, successor trustee to Mike M. Vukelich, and directing the clerk of district court to pay plaintiff the money (representing taxes, penalty and interest) which Vukelich had paid into court. On January 12, 1977, plaintiff's cocounsel instructed the clerk as to the desired method of payment. The clerk issued two warrants both of which were subsequently cashed. On February 14, 1977, plaintiff filed notice of appeal. Lila K. Vukelich filed notice of cross-appeal.

Briefs were filed and argument set for Friday, June 10, 1977. On June 8, 1977, defendant filed a motion for an order dismissing plaintiff's appeal claiming the issue was moot because plaintiff and his attorneys had accepted payment of the redemption money. Defendant accompanied her motion with an affidavit of the clerk of the district court for Carbon County stating that the warrants issued to plaintiff and plaintiff's attorneys had been cashed and that no attempt had been made to tender the proceeds into court. Oral argument was heard on plaintiff's appeal and

defendant's cross-appeal; briefs were requested on the motion

to dismiss plaintiff's appeal.

Rule 7(a), M.R.App.Civ.P., states:

"Upon entry of a judgment or order a party may
apply to the district court on notice or ex parte
for a stay of the execution of the judgment or
order. The court in its discretion may grant said
stay for such period of time and under such condi-
tions as the court deems proper * * * Upon service
of notice of appeal, if the court has made no such
order * * * [the appellant] may present to the dis-
trict court and secure its approval of a super-
sedeas bond * * *."

This Court in Gallatin Trust & Savings Bank v. Henke, 154 Mont.

170, 177, 461 P.2d 448, held:

" * * * a supersedeas bond to preserve the rights
of the unsuccessful party may be required and fail-
ure to post it makes the rights of the parties
subject to execution, subsequent satisfaction of
the judgment and possible mootness so far as appeals
are concerned. * * *

" * * *

" * * * Rule 7(a) clearly provides the only methods
of staying judgments." 154 Mont. 177

After entry of judgment against him, plaintiff neither

applied for a stay of execution nor filed a supersedeas bond;

instead, he accepted and cashed the warrants issued to him. The

general rule is:

" * * * the right to accept the fruits of a judg-
ment and at the same time to prosecute an appeal
from it are not concurrent; on the contrary, they
are wholly inconsistent rights. The election of
one necessarily excludes the enjoyment of the other."
Peck v. Bersanti, 101 Mont. 6, 8, 52 P.2d 168, 169;
In re Black's Estate, 32 Mont. 51, 53, 79 P. 554.

This rule is subject to the exception that:

" * * * where the reversal of a judgment cannot
possibly affect an appellant's right to the benefit
accepted under a judgment, then appeal may be taken
and will be sustained despite the fact that the ap-
pellant has sought and secured such benefit." Peck
v. Bersanti, 101 Mont. 6, 9, 52 P.2d 168; In re Black's
Estate, 32 Mont. 51, 79 P.2d 554.

Plaintiff's case does not come within the exception to

the general rule. Plaintiff is entitled either to a tax deed to

- 3 -

the property or to a sum representing the delinquent taxes and penalties he had paid plus interest. He may not have both.

Although this Court has not faced this factual situation before, other jurisdictions have. McKain v. Mullen, 65 W.Va. 558, 64 S.E. 829. In McKain, Mullen purchased real estate at a tax sale for which he later received a tax deed. McKain sought to set aside Mullen's deed. The court entered a decree annulling the deed and directing the clerk to pay Mullen the amount necessary to reimburse him. Mullen accepted this amount, but later appealed. McKain moved to dismiss the appeal. The West Virginia court reasoned:

> "The money he [Mullen] accepted represented what he had paid for the title declared void. It was tendered him by the decree as essential to the action of the court in setting aside the tax deed. Its tender to him was a substantial portion of the decree made upon the equities arising between the parties. That portion of the decree was inseparably connected with the order annulling the tax title. And so inseparably was it connected therewith that it could not be recognized by Mullen without his recognizing the decree annulling his tax deed. As the decree stood, it gave him benefit. True, it gave him not what he had sought in the litigation, but it gave him the fruits of the controversy that the court in equity and law deemed to be his. He voluntarily accepted these fruits, yet he seeks by appeal to destroy the rights under the decree belonging to the other party. He cannot have the one and deny the other. The acceptance of the taxes tendered and deposited was a recognition of McKain's title, and it is inconsistent with the prosecution of this appeal which attacks the title. * * *." McKain, 64 S.E. 830.

We find the reasoning of McKain applicable to the present case. Niles' acceptance without reservation of what the judgment gave him was implied recognition of the validity of the judgment against him. "'Any act on the part of [an appellant] by which he impliedly recognizes the validity of a judgment against him operates as a waiver of his right to appeal therefrom * * *'". McKain, 64 S.E. 831. See also: Freeman, 2 Law of Judgments, § 1165.

- 4 -

In his cross-appeal defendant claims a reasonable attorney fee and seeks damages under Rule 32, M.R.App.Civ.P., for a frivolous appeal by plaintiff.

Vukelich's original answer, filed October 10, 1973, did not contain a pleading for reasonable attorney fees, but it did include a prayer for (among other things) defendant's " * * * costs and disbursements herein expended" and for " * * * such other and further relief as the Court may deem proper." On March 3, 1975, Vukelich's attorney filed an amended answer which alleged a separate defense. This amended answer did not contain a pleading for reasonable attorney fees nor did it contain any prayer. On December 29, 1976, Vukelich's new attorney moved for an order granting defendant leave to file a second amended answer "to include a prayer for reasonable attorney fees." The district court file reflects the district court took no action on this motion. On January 6, 1977, the district court granted summary judgment in defendant's favor allowing defendant "her costs of suit amounting to $15.00." Defendant cross-appealed claiming she was entitled to a reasonable attorney fee.

Rule 54(c), M.R.Civ.P., provides in part:

> " * * * Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

We recently considered this rule in Smith v. Zepp, \_\_\_\_ Mont. \_\_\_\_, \_\_\_\_ P.2d \_\_\_\_, 34 St.Rep. 753, (1977). In Smith, the plaintiffs' only prayer was for forfeiture of a contract. Although the facts at trial showed that the plaintiffs were not entitled to for-feiture, they did show plaintiffs were entitled to a damage award. We held that Rule 54(c) required such an award even though the plaintiffs had not prayed for it.

The same rule is applicable here. Section 84-4167, R.C.M.

1947, provides that in an action for a tax deed "The court shall allow the successful party his costs to be fixed by the court including a reasonable attorney's fee in all cases where the county is not the applicant." (Emphasis added.) Defendant was the successful party. Even though defendant had not prayed for a reasonable attorney fee, the district court under Rule 54(c), M.R.Civ.P., should have allowed her one. The cause must therefore be remanded to determine a reasonable attorney fee in accordance with the guidelines enumerated in Crncevich v. Georgetown Rec. Corp., 168 Mont. 113, 541 P.2d 56.

Plaintiff contends he too should be allowed a reasonable attorney fee as a "successful party" because, while he did not obtain a tax deed, he was reimbursed for the taxes, penalties, and interest he had previously paid. Plaintiff's contention is without merit. The statutes under which he brought suit were ones to obtain a tax deed. Sections 84-4162 to 4170, R.C.M. 1947. The "successful party" designated in section 84-4167, the statute providing for attorney fees, is the party who is successful in obtaining the tax deed. This plaintiff was not.

Finally, defendant claims that she should be awarded damages for a frivolous appeal by plaintiff. Rule 32, M.R.App.Civ.P., states:

> "If the Supreme Court is satisfied from the
> record and the presentation of the appeal,
> that the same was taken without substantial or
> reasonable grounds, but apparently for purposes
> of delay, only, such damages may be assessed on
> determination thereof as under the circumstances
> are deemed proper."

The Court does not feel that plaintiff's appeal was without substantial or reasonable grounds and for purposes of delay only. No damages shall therefore be awarded to defendant.

Plaintiff's appeal is dismissed. The cause is remanded to the district court on defendant's cross-appeal with instructions

to hold a hearing to fix reasonable attorney fees for the services of defendant's attorneys in the district court to be included in the judgment.

_____
                                Justice

We concur:

_____
Chief Justice


_____

_____
Justices

- 7 -