**GARY M. OLSON, Plaintiff,**

v.

**MONTANA RAIL LINK, INC.,
a Montana Corporation,
Defendant.**

**No. CV 03–107–M–DWM.**

United States District Court,
D. Montana,
Missoula Division.

May 4, 2005.

James T. Towe, Towe Law Offices, Missoula, MT, Erik B. Thueson, Thueson Law Office, Helena, MT, for Plaintiff.

Randy J. Cox, Matthew B. Hayhurst, Boone Karlberg, Missoula, MT, for Defendant.

**ORDER**

MOLLOY, Chief Judge.

## I. Introduction

Before the Court are Plaintiff Olson's objections to Magistrate Judge Leif B. Erickson's Order on discovery motions, dated January 10, 2005. Plaintiff Olson asks the Court to reverse or modify Judge Erickson's rulings in several respects. Relevant for the purposes of this Order are Olson's objections seeking reversal of Judge Erickson's rulings declining to impose sanctions for MRL's alleged failure to timely provide the data underlying the expert report of Dr. Robert Piziali and denying Plaintiff's motion to exclude the testimony of expert Gary Wolf.[1] Because MRL has toyed with the Federal Rules of Civil Procedure and this court's orders regarding expert disclosures, Olson's motions are granted as set forth below.

## II. Factual Background

Olson is an MRL employee bringing this FELA case to recover for an injury that allegedly developed through cumulative traumatic stresses Olson suffered during his years of employment at MRL. Olson contends that his injury is the product of the aggregate effects of minor injuries sustained in eight different activities he performed during the course of his employment. This litigation has been plagued by discovery discord, culminating in multiple discovery motions filed by each side.

Olson requested an order compelling MRL to disclose all documentation relating to cumulative stress injuries as well as the acute injuries Olson alleges combined to cause his cumulative injury. MRL refused to provide the acute injury reports sought by the Plaintiff. MRL, in turn, requested all documents in Olson's or Olson's counsel's possession relating to the incidents, equipment or work areas at issue in the case. This kind of tactical gamesmanship has no place in either the quest for truth or in the policy of the Federal Rules of Civil Procedure promoting a just, speedy and inexpensive resolution of civil law suits. *See* Rule 1, Fed.R.Civ.P. Olson refused to produce all responsive ma-

---

1. The remaining issues raised in Plaintiff Olson's objections are addressed by separate order.

terial on the ground that some of it was privileged material relating to Olson's counsel's representation of other clients. Judge Erickson addressed the discovery issues, as well as the parties' motions *in limine,* in a 52–page Order dated January 10, 2005.

Among the motions addressed by Judge Erickson were Olson's motion for sanctions against MRL for failing to timely disclose the expert report of Dr. Robert Piziali and Olson's motion to motion to exclude the testimony of MRL's railroad operations and workplace safety expert Gary Wolf. Judge Erickson declined to impose sanctions in relation to the Piziali disclosure and denied the motion to exclude expert Gary Wolf, and Olson now objects.

### III. Analysis

#### A. Olson's Motion to Exclude MRL's Expert Dr. Piziali

Judge Erickson declined to rule on Olson's motion to exclude or limit the testimony of MRL's expert Dr. Robert Piziali as a sanction for MRL's late disclosure of the data underlying Dr. Piziali's expert report. Dr. Piziali is MRL's expert on the effects of shock, vibration and physical activities. MRL disclosed his expert report on August 31, 2004. The report filed on that date is incomplete. The report contained opinions based on testing performed by Dr. Piziali and/or his associates, including locomotive vibration testing and an inspection of Plaintiff's manual tasks. While conducting the vibration testing, Dr. Piziali collected "acceleration data." Piziali Report at 4. During the inspection of Olson's manual tasks, Dr. Piziali recorded body postures and techniques and documented dimensions and weights of equipment. *Id.* at 5.

None of the data collected during Dr. Piziali's testing and inspections were included with his expert disclosure provided on August 31, 2004, the deadline for such disclosures. On September 23, 2004, after Olson made a written request for the data underlying Dr. Piziali's report, MRL furnished to Olson what MRL characterizes as "a printout of all data that had been printed as of that date by Dr. Piziali and his staff, as well as a CD[2] containing all of the captured

vibration data." This half-hearted response was not only inadequate, but it was also a further demonstration of MRL's practice here of "gaming the rules." It was not until November 16, 2004, just two days before Dr. Piziali's deposition and two and a half months after the expert disclosure deadline, that MRL had an epiphany and provided for the first time (1) handwritten notes taken during the vibration testing; (2) all measurements and calculations done and photographs taken in conjunction with Dr. Piziali's inspection of Olson's work activities; and (3) computer calculations and computer generated graphics applying the data and photographs relating to the inspection of Olson's work activities. The timing of this response and production of information fit the MRL's strategy of gaming the rules to a tee.

Olson advances two arguments for limitation or exclusion of Dr. Piziali's testimony. First, Olson contends that MRL violated Judge Erickson's July 2, 2004 Order requiring MRL to fully respond to Olson's discovery requests for "all documents generated . . . in connection with any investigation;" "all statements, reports or records obtained by [MRL] from any person;" and "any photographs or other pictorial representations." *See* 7/2/04 Order p. 33. Judge Erickson ordered the production of any responsive information no later than July 31, 2004. *Id.* at 1. Olson argues that MRL violated that Order by failing to produce Dr. Piziali's data on July 31, 2004, despite the fact that the expert disclosure deadline was not until August 31, 2004. *See* 7/2/04 Order p. 39. Judge Erickson noted that Olson cited "no authority for his argument that Defendant was obligated to produce the work of its experts before the expert disclosure deadline," and ruled that "[MRL's] failure to do so was not a violation of this Court's July 2, 2004 discovery order." 1/10 Order p. 11. I believe Judge Erickson correctly resolved this first argument.

Olson' second basis for seeking limitation or exclusion of Dr. Piziali's testimony is MRL's failure to disclose the data underlying Piziali's report by the August 31, 2004 deadline. Here Olson has it right. Judge Erickson acknowledged that the disclosure was

---

**2.** Olson claims that his counsel was unable to access the information on the CD.

untimely but refrained from imposing sanctions, writing, "[I]f the Defendant has not yet produced all of the data and other information relied on by Dr. Piziali, it must do so immediately. If it appears that all of the data and information relied upon by Dr. Piziali has not been disclosed then the trial court will have the option of reopening discovery or striking Dr. Piziali as a witness." 1/10 Order p. 43.

In responding to Olson's objections, MRL focuses its argument on Olson's contention that it should have disclosed the data by July 31, 2004, as required by Judge Erickson's July 2, 2004 discovery Order. MRL makes no effort to justify its failure to meet the August 31, 2004 expert disclosure deadline as require by the Rules.

Rule 26(a)(2)(B), Fed.R.Civ.P., provides that an expert report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions." The November 21, 2003 Scheduling Order in this case states, "Expert reports must satisfy the specific requirements of Rule 26(a)(2)(B). **An inadequate report or disclosure may result in the exclusion of the expert's opinions at trial even though the expert has been deposed."** 11/21/03 Order p. 5 (emphasis in original). The deadline for complete expert disclosures was August 31, 2004. The parties were forewarned of the consequences of noncompliance.

Judge Erickson did not err in holding that MRL was not required to disclose its expert's data prior to the expert disclosure deadline. Olson's argument on this point suggests that the attempt to game the rules in this case is not a one-way street. The July 31, 2004 discovery Order cannot be read to accelerate the expert disclosure deadline. However, in light of MRL's significant delay in disclosing the underlying data as required by the Federal Rules and the Scheduling Order, and the grudging fashion in which the required material was eventually provided, Judge Erickson's decision not to impose sanctions against MRL is clearly erroneous.

Rule 37(c)(1), Fed.R.Civ.P., gives teeth to the expert disclosure requirements "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001). Rule 37(c)(1) provides, in relevant part,

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

The Advisory Committee Notes describe Rule 37(c)(1) as "a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material . . . .' " *Yeti By Molly,* 259 F.3d at 1106 (quoting Fed.R.Civ.P. 37 advisory committee's note 1993).

There are two express exceptions to the automatic sanctions mandated by Rule 37(c)(1): the information may be introduced if the failure to disclose the information is (1) substantially justified or (2) harmless. Rule 37(c)(1), Fed.R.Civ.P. The burden of proving the applicability of one of the exceptions is on the offending party. *Yeti By Molly,* 259 F.3d at 1107. Neither exception applies here.

There is no dispute that MRL was dilatory in providing the data underlying Dr. Piziali's expert disclosure as required by Rule 26(a)(2)(B) and the November 21, 2003 Scheduling Order. MRL does not attempt to argue that its failures fit either exception, and any such argument would fail. Olson did not receive all of the required and necessary information until after the deadline for rebuttal expert reports, denying him the opportunity to effectively rebut Dr. Piziali's conclusions. Much of the required material was withheld until two days before Dr. Piziali's deposition, preventing Olson's counsel from fully preparing to depose Dr. Piziali. This marginalization of the Scheduling Order and

Rule 26, Fed.R.Civ.P., has a significant downside to the reluctant litigant. That risk is unequivocally spelled out in the Scheduling Order and in the Federal Rules of Civil Procedure, including Rule 37. There is no substantial justification for MRL's failure to disclose, and the delay was not harmless. Sanctions are automatic under Rule 37(c)(1) and are not only mandated, but are appropriate here. Accordingly, the Court will prohibit Dr. Piziali from relying in any way upon data or conclusions specifically not included and spelled out in his August 31, 2004 disclosure. Any opinion he holds that has not been disclosed in compliance with the requirements of Rule 26(a) and the Scheduling Order is stricken as is any opinion or evidence based on undisclosed data or testing.

### B. Olson's Motion to Exclude MRL's Expert Gary Wolf

Judge Erickson denied Olson's motion to exclude the testimony of MRL's railroad operations and workplace safety expert Gary Wolf. Judge Erickson concluded that the functions of a railroad engineer, the nature of routine railroad operations, and what constitutes a defect under federal regulations are appropriate topics for expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). To this extent I agree. However, Olson's motion was not based on the appropriateness of expert testimony on those topics; Olson sought to exclude Wolf's testimony because Wolf's disclosure failed to state his conclusions as to any of those topics.

As with Dr. Piziali's disclosure, Rule 26(a)(2)(B) will govern that which may be presented with respect to Wolf's testimony. Wolf will be limited to testifying to those otherwise admissible conclusions that were timely disclosed in his expert report. In that sense, Judge Erickson's ruling is not clearly erroneous because he simply states that Wolf's areas of expertise are suitable for expert testimony; he does not conclude that Wolf may testify beyond his disclosure. It is unnecessary to disturb Judge Erickson's ruling, but the parties are reminded that all expert testimony will be limited to conclusions and supporting data that were timely disclosed.

### IV. Order

Based on the foregoing, IT IS HEREBY ORDERED:

(1) Olson's motion to impose sanctions for failure to timely disclose the expert report of Dr. Piziali is GRANTED as set forth herein; and

(2) Olson's objection to Judge Erickson's ruling denying Olson's motion to exclude the testimony of Gary Wolf is overruled, with the proviso that all expert testimony in the case will be limited to the admissible conclusions and supporting data that were *timely* disclosed in accordance with Rule 26(a)(2)(B), Fed.R.Civ.P.