

DA 13-0436

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 56

ERIN DOHERTY,

        Plaintiff and Appellant,

    v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, AND CITIMORTGAGE, INC.,
DOES 1-50, AND ALL PERSONS CLAIMING
INTEREST IN THE REAL PROPERTY HEREIN
DESCRIBED OR ANY PART THEREOF,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DV 12-306
                    Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Quentin M. Rhoades, Francesca di Stefano, Sullivan, Tabaracci & Rhoades,
                P.C., Missoula, Montana

        For Appellees:

                Mark C. Sherer; Mackoff Kelloff Law Firm, P.C., Dickinson, North Dakota

                                Submitted on Briefs:  February 5, 2014
                                      Decided:  March 4, 2014

Filed:

                _____
                              Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Erin Doherty appeals from an Order of the Fourth Judicial District Court, Missoula County, granting summary judgment in favor of defendants Federal National Mortgage Association and CitiMortgage, Inc. We affirm.

¶2 We restate the following issues for review:

¶3 *Issue One: Whether the District Court abused its discretion by declining to impose sanctions against defendants for discovery violations pursuant to M. R. Civ. P. 37(c).*

¶4 *Issue Two: Whether the clause requiring Doherty to give written notice of her intent to exercise the conditional refinancing option was an unenforceable contract of adhesion or violates the Montana Consumer Protection Act.*

## PROCEDURAL AND FACTUAL BACKGROUND

¶5 On January 26, 2004, Doherty borrowed $153,200.00 from ABN AMRO Mortgage Group, Inc. for the purchase of a home. She executed a promissory note secured by a deed of trust, naming ABN AMRO as the note holder and beneficiary. The promissory note required Doherty to make monthly payments of $787.66 from March 1, 2004, until the maturity date of February 1, 2011. The remaining principal was due in a balloon payment on that date. The first paragraph of the promissory note informed Doherty that the lender had no obligation to refinance the loan at the time of maturity. The note also contained a paragraph titled "GIVING OF NOTICES," which required any notices to the lender to be sent by first-class mail. Doherty initialed each page of the note before signing.

¶6 Doherty also executed a balloon note addendum and balloon rider providing a conditional right to refinance at the time of maturity. The option allowed Doherty to obtain a new loan with a maturity date of February 1, 2034, if certain conditions were met. The

2

option could be exercised only if Doherty remained the owner of the property, was current on her monthly payments, and made a written request to the note holder no later than 45 days before the balloon payment was due. These conditions were stated in both the addendum and rider. Doherty initialed each page of the addendum and rider and signed both documents.

¶7 On September 1, 2007, ABN AMRO merged with CitiMortgage. Consequently, CitiMortgage became the holder of Doherty's note. Between 2008 and 2011, Doherty contacted CitiMortgage at least three times regarding the servicing of her loan. On October 4, 2010, CitiMortgage mailed Doherty notice that her balloon payment was due on February 1, 2011. The notice informed Doherty she could either make the payment in full before that date or exercise her conditional refinancing option, referred to as a "reset." On the first page of the notice, in bold print, was stated:

> *IMPORTANT NOTE:* IF YOU FAIL TO NOTIFY US IN WRITING OF YOUR ELECTION TO EXERCISE THE RESET OPTION BY 12/17/10, YOU WILL LOSE THE RESET OPTION AND ALL AMOUNTS YOU OWE ON YOUR MORTGAGE WILL BE DUE AND PAYABLE ON 02/01/11.

Included with the notice was a "Borrower's Intention/Request Statement" form to be completed by Doherty and returned to CitiMortgage by the deadline of December 17, 2010. Doherty "mislaid" the form. She called CitiMortgage on December 9, 2010, to request a new form and tell them she intended to exercise the reset option. Doherty did not receive a second form. She did not send written notice to CitiMortgage of her intent to exercise the reset option. She did not make the balloon payment when it came due.

3

¶8 The property was foreclosed by trustee's sale on October 7, 2011. CitiMortgage purchased the property at the trustee's sale. The notice of trustee's sale, affidavit of mailing, and trustee's deed all identified CitiMortgage as "Successor in Interest to ABN AMRO Mortgage Group, Inc." Doherty did not contest the trustee's sale. CitiMortgage later conveyed the property by grant deed to FNMA.

¶9 Doherty filed a complaint on March 13, 2012, seeking damages under the Montana Consumer Protection Act and a judgment quieting title in her name. Discovery was ordered July 11, 2012, to be completed by February 20, 2013. On February 19, 2013, the day before discovery was to close, FNMA and CitiMortgage moved for summary judgment. Attached to the motion was an affidavit by Cindy Swan, business operations analyst with CitiMortgage, in which she stated CitiMortgage had become the holder of the note through its merger with ABN AMRO.

¶10 Doherty moved for partial summary judgment on March 20, 2013, on the grounds that no evidence of the transfer of the note from ABN AMRO to CitiMortgage had been produced in discovery. A hearing on the summary judgment motions was set for May 14, 2013. On May 2, 2013, Doherty moved to strike the paragraph of Swan's affidavit in which she referred to the merger. In response to this motion, on May 13, 2013, FNMA and CitiMortgage filed another affidavit by Swan and attached a copy of the certificate of merger between ABN AMRO and CitiMortgage. Doherty argued FNMA and CitiMortgage were not permitted to use the evidence, because it had not been produced in response to Doherty's discovery requests.

4

¶11 The District Court granted summary judgment in favor of FNMA and CitiMortgage on May 24, 2013. The District Court concluded that the production of the certificate of merger had been "untimely . . . but in no way prejudicial to Doherty." The District Court found the requirement of written notice had been clear and straightforward, and noted that Doherty, a licensed realtor who had purchased several rental properties in the past, should not have been surprised by the terms of her contract. This appeal followed.

## STANDARD OF REVIEW

¶12 We review a district court's grant of summary judgment de novo, applying the same criteria as the district court. *McCulley v. Am. Land Title Co.*, 2013 MT 89, ¶ 11, 369 Mont. 433, 300 P.3d 679. Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *McCulley*, ¶ 11. We review a district court's decision regarding the imposition of sanctions for alleged discovery abuse to determine whether the district court abused its discretion. *Richardson v. State*, 2006 MT 43, ¶ 21, 331 Mont. 231, 130 P.3d 634.

## DISCUSSION

¶13 *Issue One: Whether the District Court abused its discretion by declining to impose sanctions against defendants for discovery violations pursuant to M. R. Civ. P. 37(c).*

¶14 Doherty argues that Swan's affidavit and the certificate of merger should have been excluded due to the failure of FNMA and CitiMortgage to list Swan as a witness and produce the certificate of merger during discovery. Doherty claims the District Court did not find the failure substantially justified or harmless, and therefore, exclusion of the evidence was mandatory.

5

¶15 The Montana Rules of Civil Procedure were significantly revised effective October 1, 2011. Apropos here, our existing Rule 37 was superseded and replaced by a new rule that comported with the provisions of Fed. R. Civ. P. 37. The new rule requires that if a party fails to provide information that has been requested in discovery, "the party is not allowed to use that information" in support of its claims, "unless the failure was substantially justified or is harmless." M. R. Civ. P. 37(c)(1). On motion, the court may impose a lesser sanction such as attorney's fees. M. R. Civ. P. 37(c)(1). If the court does not find the failure substantially justified or harmless, and if there is no motion for alternative sanctions, the information must be excluded. M. R. Civ. P. 37(c)(1); *accord* Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (describing Fed. R. Civ. P. 37(c)(1) as self-executing and automatic); *Olson v. Mont. Rail Link, Inc.*, 227 F.R.D. 550, 552 (D. Mont. 2005) (noting exceptions to automatic sanctions under Fed. R. Civ. P. 37(c)(1) if failure is substantially justified or harmless). This Court has not yet had an opportunity to interpret the newly enacted M. R. Civ. P. 37(c)(1).

¶16 Here, the District Court made the required finding that the untimely disclosure was harmless when it concluded that the timing was "in no way prejudicial to Doherty." Doherty had contacted CitiMortgage multiple times since 2008 regarding the servicing of her loan. The notice of trustee's sale, affidavit of mailing, and trustee's deed identified CitiMortgage as the successor to ABN AMRO. Swan's first affidavit was filed before discovery closed. Based on these facts, Doherty cannot claim to have been surprised by evidence of CitiMortgage's merger with ABN AMRO. The District Court did not abuse its discretion by finding the disclosure harmless and declining to impose sanctions.

6

¶17 *Issue Two: Whether the clause requiring Doherty to give written notice of her intent to exercise the conditional refinancing option was an unenforceable contract of adhesion or violates the Montana Consumer Protection Act.*

¶18 Doherty argues that the clause requiring written notice of her intent to exercise the reset option is a contract of adhesion, and thus CitiMortgage's strict enforcement of the clause is unconscionable. As such, she claims the practice violates the Montana Consumer Protection Act.

¶19 A contract of adhesion exists where "a party possessing superior bargaining power presents a standardized form of agreement to a party whose choice remains either to accept or reject the contract without the opportunity to negotiate its terms." *Kortum-Managhan v. Herbergers NBGL*, 2009 MT 79, ¶ 23, 349 Mont. 475, 204 P.3d 693. The weaker party may have "no realistic options" other than to accept the contract as presented. *Woodruff v. Bretz, Inc.*, 2009 MT 329, ¶ 8, 353 Mont. 6, 218 P.3d 486. A contract of adhesion will not be enforced against the weaker party if the terms are not within that party's reasonable expectations or if the terms prove "unduly oppressive, unconscionable or against public policy." *Kortum-Managhan*, ¶ 23.

¶20 Doherty presents no facts demonstrating the nature of her interactions with the lender at the time she entered the contract. It cannot be determined from the record presented whether Doherty had opportunity to negotiate the terms of the loan or realistic options for obtaining alternative financing. However, whether or not Doherty is correct that this is a contract of adhesion, it cannot be said that the required written notice was not within the reasonable expectation of Doherty (a licensed realtor) or unduly oppressive, unconscionable, or against public policy. The requirement that one exercise a contractual option in writing is

7

a routine contractual provision. *See e.g. McDonald v. Cosman*, 2000 MT 126, ¶ 4, 299 Mont. 499, 6 P.3d 956; *Fiers v. Jacobson*, 123 Mont. 242, 244, 211 P.2d 968, 969 (1949). The District Court did not err when it rejected Doherty's argument that the clause requiring written notice to exercise her option to refinance was an "unenforceable contract of adhesion."

¶21 Doherty also argues that CitiMortgage's enforcement of the clause requiring written notice violated the Montana Consumer Protection Act. The MCPA prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 30-14-103, MCA. An unfair act or practice is "one which offends established public policy and which is either immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Rohrer v. Knudson*, 2009 MT 35, ¶ 31, 349 Mont. 197, 203 P.3d 759.

¶22 Both the balloon note addendum and the balloon rider clearly stated that Doherty's right to refinance was conditional. Both documents plainly set forth the conditions to be met before she could exercise the refinancing option, including the written notice requirement. The note also informed Doherty of her obligation to send all notices to the lender by first-class mail. Doherty initialed each page of the note, addendum, and rider. She signed all three documents. Prior to the deadline for exercising the conditional refinancing option, Doherty received a simple, two-page form supplied by CitiMortgage. She was required to check three boxes on the first page, sign her name on the second page, and return the form. The District Court held that Doherty failed to comply with these requirements, and there were no genuine issues of material fact to support her assertion that FNMA and CitiMortgage violated the Montana Consumer Protection Act. We agree.

¶23 For the reasons stated above, the Order of the District Court granting summary judgment to defendants FNMA and CitiMortgage is affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT