FILED

March 17 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0018

OP 14-0018

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 84

_____

CHRISTINA TEMPEL,

Plaintiff and Appellant/Cross-Appellee,

v.

LAUNA BENSON,

Defendant and Appellee/Cross-Appellant.

_____

O P I N I O N
A N D
O R D E R

¶1 Christina Tempel appeals from a Missoula County jury verdict awarding Tempel some, but not all, of the damages she sought in her negligence action against Launa Benson. The dispositive issues on appeal are as follows:

> 1. *Whether Tempel waived her right to appeal the jury's verdict by accepting the benefits of the judgment entered on that verdict.*
>
> 2. *Whether the District Court abused its discretion in determining that Benson's conduct did not warrant discovery sanctions.*

¶2 We dismiss Tempel's appeal of the verdict and affirm the District Court's order denying sanctions.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 Tempel sued Benson for negligence after the two were involved in a car crash in Missoula. During discovery, Tempel sent Benson a request asking Benson to admit violating certain traffic laws on the day of the crash; Benson denied the request. Tempel

1

eventually moved for summary judgment on the issue of Benson's negligence and the District Court granted that motion. Tempel also moved for sanctions against Benson under M. R. Civ. P. 37 for Benson's failure to admit violating traffic laws. The District Court denied that motion.

¶4 The case proceeded to a jury trial on damages. The court submitted a special verdict form to the jury, and the jury awarded Tempel $168,851.94 in past medical expenses, $40,000 in future medical expenses, $35,000 in past and future pain and suffering, $21,830 in loss of earning capacity, $2,754 in loss of household services, and $0 each for past loss of earnings, emotional distress, and loss of enjoyment of life. In accordance with the verdict, the District Court entered judgment in favor of Tempel in the amount of $268,435.94.

¶5 Benson paid Tempel the full judgment amount plus interest. Tempel accepted the funds and signed a document entitled, "Acknowledgment of Payment of Judgment Reserving Claims for New Trial." Tempel moved for a new trial on the issue of damages for emotional distress, loss of enjoyment of life, and future medical expenses associated with a prescription drug called Cymbalta. Benson opposed the motion and moved for entry of satisfaction of judgment. Concluding that the jury's verdict was supported by substantial evidence, the District Court denied Tempel's motion for a new trial and entered an order of satisfaction of judgment.

¶6 Tempel filed a notice of appeal. Benson moved this Court to dismiss the appeal, arguing that Tempel waived her right to appeal by accepting the benefits of the judgment.

We responded by directing the parties to make their arguments about dismissal in their appellate briefs. On appeal, Tempel requests a new trial, challenges several evidentiary rulings, and appeals the District Court's decision not to impose sanctions against Benson. Benson cross-appeals on several issues that the Court need consider only if a new trial is ordered.

## STANDARDS OF REVIEW

¶7 Dismissal of an appeal for waiver is a matter for determination by this Court. *See Reichert v. State*, 2012 MT 111, ¶¶ 20, 22, 365 Mont. 92, 278 P.3d 455. We review for abuse of discretion a district court's determination whether an alleged discovery abuse meets the requirements for mandatory sanctions. *Doherty v. Fed. Nat'l Mortg. Assoc.*, 2014 MT 56, ¶ 12, 374 Mont. 151, 319 P.3d 1279.

## DISCUSSION

¶8 *1. Whether Tempel waived her right to appeal the jury's verdict by accepting the benefits of the judgment entered on that verdict.*

¶9 The right to enjoy the benefits of a judgment and the right to appeal that judgment are inconsistent. *In re Black's Estate*, 32 Mont. 51, 53, 79 P. 554, 555 (1905). Generally, a party who voluntarily accepts a judgment's benefits waives the right to appeal that judgment. *H-D Irrigating, Inc. v. Kimble Props., Inc.*, 2000 MT 212, ¶ 19, 301 Mont. 34, 8 P.3d 95. But if a judgment contains severable parts, accepting the benefits of one aspect of the judgment is not antithetical to appealing another, independent portion of the judgment. *Black's Estate*, 32 Mont. at 54, 79 P. at 555. Determining the independence of the judgment's components requires considering whether reversal of the appealed

3

aspect of the judgment can "possibly affect" the appellant's right to the benefits already accepted. *H-D Irrigating*, ¶ 19.

¶10 The jury in this case awarded Tempel $268,435.94 in damages. Benson presented Tempel with a check satisfying the judgment amount. Tempel was under no obligation to accept Benson's payment, but she did. The District Court determined that the judgment was satisfied, and Tempel does not contest that determination. Notwithstanding the judgment's satisfaction, Tempel argues that she has not waived her right to appeal because the aspects of the judgment that she appeals are independent of the portion under which she accepted benefits.

¶11 When an appellant accepts benefits of a judgment but then appeals a part of that judgment, we have required that the appeal not relate to the benefits already accepted. In *Black's Estate*, the appellant accepted the benefits of the judgment but then appealed the judgment generally. We dismissed the appeal because the appeal on the whole of the judgment encompassed the parts of the judgment that already had benefited the appellant. *Black's Estate*, 32 Mont. at 55, 79 P. at 556. We explained that, after an appellant accepts a judgment's benefits, an appeal on part of the judgment may proceed only if review "will not disturb the determination already had of those [independent issues] about which no complaint is made," and "the only question left to be determined by the appellate court is whether recovery should be greater." *Black's Estate*, 32 Mont. at 54, 79 P. at 555. We applied these principles again in *Niles v. Carbon Cnty.*, 174 Mont. 20, 568 P.2d 524 (1977), in which the appellant accepted the benefits of a judgment that

4

awarded him a sum equivalent to the delinquent taxes he had paid on a property, but appealed the judgment for its failure to award him a tax deed on the property. *Niles*, 174 Mont. at 21-22, 568 P.2d at 525. We dismissed the appeal because of the mutually exclusive relationship between the payment for delinquent taxes and a possible tax deed: the appellant was "entitled either to a tax deed . . . or to a sum representing the delinquent taxes and penalties he had paid"—he could "not have both." *Niles*, 174 Mont. at 23, 568 P.2d at 526.

¶12 Where the claims on appeal may be resolved autonomously, we have determined that the independence between the appealed portion of the judgment and the portion under which the appellant accepted benefits permits the appeal to proceed. For instance, in *H-D Irrigating*, the plaintiff sued the defendant for constructive fraud while the defendant sued the plaintiff to recover on the terms of a promissory note. *H-D Irrigating*, ¶ 1. A judge tried the case, found merit in both claims, and awarded the defendant the amount of the promissory note, less damages for the defendant's misrepresentations. *H-D Irrigating*, ¶¶ 1, 15. The defendant collected a portion of that judgment before appealing the finding of constructive fraud. *H-D Irrigating*, ¶ 18. We determined that the appeal could proceed because the plaintiff "has not contested its obligation pursuant to the promissory note, nor does it dispute that it owes at least the amount [the defendant] collected regardless of the outcome of the appeal and cross-appeal." *H-D Irrigating*, ¶ 20. *See also Maloney v. Heer*, 257 Mont. 500, 505-06, 850 P.2d 957, 960 (1993);

5

*Ferguson v. Town Pump, Inc.*, 177 Mont. 122, 127, 580 P.2d 915, 918 (1978), *overruled on other grounds by Bohrer v. Clark*, 180 Mont. 233, 240, 590 P.2d 117, 121 (1978).

¶13 Here, the parties tried a single issue: Tempel's damages resulting from Benson's negligence. The damages Tempel sought and the damages the jury delivered all derived from Tempel's negligence claim.[1] This situation is different from that in *H-D Irrigating*, where the parties litigated two claims, and the appellant recovered on one claim while appealing the other. Here, the damages collected relate to the damages appealed because they all rest on the same claim. *See Am. Enter., Inc. v. Van Winkle*, 39 Cal. 2d 210, 217 (1952) ("The test of whether a portion of a judgment appealed from is so interwoven with its other provisions as to preclude an independent examination of the part challenged by the appellant is whether the matters or issues embraced therein are the same as, or interdependent upon, the matters or issues which have not been attacked.").

¶14 Closer examination of the specific items that Tempel seeks to retry further reveals the relationship between the appealed portion of the judgment and the portion under which Tempel accepted benefits. Tempel does not appeal the jury's award of zero damages for past loss of earnings. Tempel does seek a new trial on her future medical expenses associated with her Cymbalta prescription, which she claims were disregarded by the jury. But on the special verdict form, the jury indicated that it awarded Tempel

---

[1] In her complaint, Tempel alleged negligence and negligence per se as different "count[s]." These different "count[s]" nonetheless target the same conduct, seek the same determination, and represent a single claim. *See Giambra v. Kelsey*, 2007 MT 158, ¶ 46, 338 Mont. 19, 162 P.3d 134 ("Negligence per se is simply '[n]egligence as a matter of law'" (quoting *Black's Law Dictionary* 1057 (Bryan A. Garner ed., 7th ed., 1999))); *Schwabe v. Custer's Inn Assocs.*, 2000 MT 325, ¶ 27, 303 Mont. 15, 15 P.3d 903 (discussing negligence and negligence per se as different "theor[ies] of negligence[.]"), *overruled on other grounds by Giambra*, ¶ 58.

6

$40,000 in future medical expenses. Tempel accepted this $40,000 as part of the $268,435.94 that Benson paid to satisfy the judgment. Tempel cannot appeal future medical damages after accepting future medical damages.

¶15     Tempel also seeks damages for emotional distress and loss of enjoyment of life after already collecting $35,000 for past and future pain and suffering. Tempel cites *Thompson v. City of Bozeman*, 284 Mont. 440, 447, 945 P.2d 48, 52 (1997), in which we permitted retrial on some damages while upholding the rest of a damages verdict. But in *Thompson*, the plaintiff did not accept the benefits of the judgment before appealing. *See Thompson*, 284 Mont. at 441-42, 945 P.2d at 49. Moreover, in *Thompson*, we affirmed economic damages (medical expenses and lost wages) while permitting retrial of non-economic damages (pain and suffering). *Thompson*, 284 Mont. at 441, 447, 945 P.2d at 49, 52. The *Thompson* jury awarded nothing for the plaintiff's non-economic damages; given the jury's award of economic damages, we concluded that there was insufficient evidence to sustain that zero damages award. Our ruling was based on the uncontroverted evidence of at least some pain and suffering. *Thompson*, 284 Mont. at 446-47, 945 P.2d at 52. In remanding for a new trial, we contrasted the zero damages award to cases in which the jury awarded some pain and suffering damages, but less than what the plaintiff claimed the evidence supported. *Thompson*, 284 Mont. at 446, 945 P.2d at 52 (citing generally, *Barnes v. United Indus., Inc.*, 275 Mont. 25, 909 P.2d 700 (1996); *Maykuth v. Eaton*, 212 Mont. 370, 687 P.2d 726 (1984)).

7

¶16 In contrast to *Thompson*, Tempel already has recovered some non-economic damages through a pain and suffering award. Pain and suffering, emotional distress, and loss of enjoyment of life all are general damages, and together they comprised Tempel's claim for non-economic damages in this case. While awards for pain and suffering damages, on one hand, and emotional distress and loss of enjoyment of life damages, on the other, are not mutually exclusive, *see Niles*, 174 Mont. at 23, 568 P.2d at 526, bifurcating judgment and allowing retrial on one component of these damages risks double recovery through a larger award than any one jury, viewing all losses at once, would devise. *See* 1 *Damages in Tort Actions* § 8.02[5][c], 8-10 (2014) ("The potential confusion of loss of enjoyment claims with pain and suffering claims is considerable. The injuries are not unrelated . . . .").

¶17 Tempel argues that this case may be retried on the additional damages she seeks without the possibility of duplicating damages, but she does not explain how. Given the jury's award of a portion of the non-economic damages Tempel sought, and Benson's avowed intention to contest pain and suffering if retrial is needed, we are unable to conclude that reversal of the judgment "cannot possibly affect" the fruits of the judgment that Tempel already accepted. *H-D Irrigating*, ¶ 19. In this situation, should any non-economic damages need retrying, fairness dictates retrying all non-economic damages. In that event, the jury could reduce the damages that Tempel already has recovered for pain and suffering—an increase in Tempel's damages award is not "the only possible outcome" of her appeal. *Ferguson*, 177 Mont. at 127, 580 P.2d at 918; *see*

8

*Maloney*, 257 Mont. at 505-06, 850 P.2d at 960. This means the portion of the judgment that Tempel appeals "affect[s]," *H-D Irrigating*, ¶ 19, or "disturb[s]," *Black's Estate*, 32 Mont. at 54, 79 P. at 555, the portion of the judgment under which she accepted benefits. Accordingly, Tempel waived her right to appeal by accepting the judgment's benefits.

¶18 Our decision is not grounded in a determination that Tempel's appeal is moot. *See Progressive Direct Ins. Co. v. Stuinvenga*, 2012 MT 75, ¶ 39, 364 Mont. 390, 276 P.3d 867 ("Voluntary compliance with the judgment may result in a waiver of the right to appeal—in which case it would be unnecessary to address the question of mootness."). We do not address Tempel's arguments regarding the District Court's evidentiary rulings because Tempel waived her right to appeal these rulings when she accepted the judgment. We must, however, consider Tempel's argument about sanctions because, by accepting the jury's verdict and the court's judgment, Tempel did not necessarily accept the District Court's decision on her motion for sanctions. *See Cohen v. Va. Elec. & Power Co.*, 788 F.2d 247, 249 (4th Cir. 1986) (concluding that the appellant waived her right to appeal a consent judgment but not her right to appeal the imposition of Fed. R. Civ. P. 11 sanctions).

¶19 *2. Whether the District Court abused its discretion in determining that Benson's conduct did not warrant discovery sanctions.*

¶20 During discovery, Tempel asked Benson to admit that, on the day of the car crash, she operated her "motor vehicle in violation of Mont. Code Ann. §§ 61-8-302, 61-8-343 and 61-8-345." Section 61-8-302, MCA, addresses careless driving, and §§ 61-8-343 and -345, MCA, address yielding the right-of-way when entering or crossing a roadway.

9

Benson denied Tempel's request for admission. At Benson's deposition, Tempel's counsel read to Benson the statutory definitions of §§ 61-8-343 and -345 and asked her whether she had yielded the right-of-way. Benson stated that she had not. After the deposition, Tempel moved under M. R. Civ. P. 37(c)(2) for attorneys' fees and reasonable costs associated with proving Benson's violation of §§ 61-8-343 and -345. The District Court denied that motion, concluding that Benson reasonably had believed that she might prevail on the matter.

¶21 M. R. Civ. P. 37(c)(2) provides, "If a party fails to admit what is requested under Rule 36 and if the requesting party later proves . . . the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney fees, incurred in making that proof." On that motion, a district court must order sanctions unless, among other things, "the party failing to admit had a reasonable ground to believe that it might prevail on the matter" or "there was other good reason for the failure to admit." M. R. Civ. P. 37(c)(2)(C), (D).

¶22 In a single request for admission, Tempel requested that Benson admit violating three separate provisions of the MCA. Tempel did not frame her request in the form of particular facts for Benson to admit or deny. Although Benson later admitted that she conducted herself in a way that violated §§ 61-8-343 and -345, this admission of fact was distinct from the legal conclusion sought in Tempel's written discovery requests. Further, in moving the District Court for sanctions, Tempel did not provide the court with proof that Benson admitted violating § 61-8-302 by driving carelessly after first denying

10

that fact. Finally, as the District Court noted in its order awarding summary judgment to Tempel on the issue of Benson's negligence, Benson had witness statements suggesting that she was not negligent or careless. We are satisfied that the District Court acted within its discretion in determining that Benson's discovery responses did not give rise to an order for sanctions under M. R. Civ. P. 37(c)(2).

## CONCLUSION

¶23 IT IS HEREBY ORDERED that Tempel's appeal of the verdict is DISMISSED. We affirm the District Court's decision not to sanction Benson's discovery conduct.

DATED this 17th day of March, 2015.


/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

11