JUSTICE BAKER,
concurring.
¶33 Effective October 1,2011, following extensive study by this Court’s Advisory Commission on Rules of Civil and Appellate Procedure, receipt of public comment, and consideration during several public meetings, the Court adopted comprehensive amendments to the Montana Rules of Civil Procedure. The amendments were recommended by the Advisory Commission to bring Montana’s rules more closely in line with the Federal Rules of Civil Procedure. The Commission, however, recommended against wholesale adoption of the federal rules. Among the federal rules that we did not adopt in toto is Rule 26.
¶34 Federal Rule 26 provides detailed requirements for expert disclosures that are not found in the Montana rules. Relevant here, if a witness is retained for the purpose of providing expert testimony in *23 the case, the witness’s disclosure “must be accompanied by a written report — prepared and signed by the witness.” Fed. R. Civ. P. 26(a)(2)(B). The report must contain:
(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness’s qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.
Fed. R. Civ. P. 26(a)(2)(B). Under the federal rules, the test for sufficiency of the expert report is “whether the [report is] sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions [are] avoided, and costs are reduced.” Henson v. Baker Sch. Dist. No. 12 Bd. of Trustees, No. CV 12-11-BLG-CSO, 2013 U.S. Dist. LEXIS 1554458, at *7 (D. Mont. 2013) (internal quotations omitted). The federal rule “requires the basis and reasons for every opinion, including the facts or data considered in forming them.” Henson, at *9.
¶35 Montana’s federal district courts have held, “An inadequate report or disclosure may result in the exclusion of the expert’s opinions at trial even though the expert has been deposed.” Olson v. Mont. Rail Link, Inc., 227 F.R.D. 550, 552 (D. Mont. 2005). Under F. R. Civ. P. 37(c)(1), which “gives teeth to the expert disclosure requirements,” the U.S. District Court has prohibited a party’s expert “from relying in any way upon data or conclusions specifically not included and spelled out” in a timely disclosure, and has stricken opinions of the expert “that ha[ve] not been disclosed in compliance with the requirements of Rule 26(a) and the [court’s] Scheduling Order[,] as [well as] any opinion or evidence based on undisclosed data or testing.” Olson, 227 F.R.D. at 552-53. “Exclusion is appropriate for violations of the disclosure rules even where it may preclude an ‘entire cause of action or defense.’ ” Graham v. BNSF Ry. Co., No. CV 12-145-M-DWM, 2014 U.S. Dist. LEXIS 39454 (D. Mont. 2014) (quoting Yeti By Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)).
¶36 When proposing changes to the Montana Rules of Civil Procedure, the Advisory Commission rejected the initial disclosure and pretrial disclosure requirements of F. R. Civ. P. 26(a)(1) and (a)(3), as well as the detailed expert disclosure rules and report requirement of F. R. *24 Civ. P. 26(a)(2). The Commission determined that
those detailed expert disclosure rules — while appropriate in certain cases — are potentially too costly and difficult for the majority of civil cases handled by state district courts. To the extent detailed disclosure requirements beyond those of the existing Rule 26(b)(4) may be necessary, the district court has sufficient power to impose such requirements by virtue of its general powers over discovery as well as through the orders issued following preliminary pretrial conference or any discovery conference held pursuant to Rule 26(f).
Committee Notes to M. R. Civ. P. 26.
¶37 In excluding the Sharbonos’ experts from trial, the District Court appears to have applied the federal standards, including the perhaps laudable consideration of avoiding excessive deposition costs in litigated cases. But Montana’s rule — as discussed in the Opinion and set forth in our precedent — does not impose the federal standards. And the District Court did not enter any orders in this case calling for more detailed disclosures than the rule requires. Because Montana has not adopted the federal rule on expert disclosures, the distinction between the rules must be given significance. Sharbonos’ expert disclosures met the requirements of Montana’s Rule 26.
¶38 I concur.