FILED

01/10/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0326

DA 16-0326

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 6N

JEANNETTE MUNDEL,

      Plaintiff and Appellant,

  v.

FARMERS INSURANCE EXCHANGE,
THE FARMERS INSURANCE GROUP
OF COMPANIES, and DOES 1-15,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DV-11-1252(D)
                Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Evan F. Danno, Danno Law Firm, Kalispell, Montana

      For Appellees:

            Mark S. Williams, Nicholas Pagnotta, Amanda Duman, Williams Law
            Firm, P.C., Missoula, Montana

            Monique P. Voigt, William J. Mattix, Crowley Fleck, PLLP,
            Billings, Montana

                             Submitted on Briefs:  December 7, 2016

                                      Decided:  January 10, 2017

Filed:

                                _____
                                         Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jeannette Mundel (Mundel) appeals from an April 26, 2016 post-trial order denying her attorney's fees and costs, in a case involving litigation of uninsured motorist insurance coverage. We affirm.

¶3 On September 1, 2011, Mundel was stopped at a traffic light in Kalispell, Montana, when her vehicle was rear-ended by Zona Bauer (Bauer). Neither Mundel nor Bauer called the police. Mundel drove herself to the Hospital in Whitefish, Montana, where she received medical treatment. Bauer's insurance company, Allstate, paid Mundel its bodily injury liability limit of $25,000. Mundel was insured by Farmers Insurance (Farmers) and carried underinsured motorist coverage (UIM) with a $100,000 bodily injury liability limit. Mundel made a claim under her Farmers UIM policy. Farmers denied her claim. Mundel filed a complaint in District Court alleging breach of contract and damages.

¶4 After Farmers denied key matters in its answer, Mundel served discovery requests for admissions on Farmers to admit: the accident was caused solely by Bauer, Mundel was injured in the accident, and Mundel's medical bills compilation may be admitted into

2

evidence as a summary of her medical expenses. Farmers denied her requests for admissions noting the police were not called, Bauer and Mundel's versions of the accident differed, Mundel failed to cooperate with the injury investigation, and Farmers believed the summary of medical expenses called for a legal conclusion. At trial, these matters were resolved in Mundel's favor.

¶5 The jury awarded Mundel $19,731.02 for bodily injury damages. As such, Mundel did not qualify for UIM coverage under her Farmers' policy because Bauer was not underinsured. Allstate had paid her more than the jury awarded. The District Court denied Mundel's post-trial motion for attorney's fees and costs and entered judgment in favor of Farmers.

¶6 A trial court has authority to impose discovery sanctions pursuant to M. R. Civ. P. 37. The Montana Supreme Court reviews sanctions imposed pursuant to M. R. Civ. P. 37 for an abuse of discretion. *Maloney v. Home & Inv. Ctr., Inc.*, 2000 MT 34, ¶ 27, 298 Mont. 213, 994 P.2d 1124; *Kraft v. High Country Motors, Inc.*, 2012 MT 83, ¶ 23, 364 Mont. 465, 276 P.3d 908. We generally defer to the trial court's judgment on the decision to impose sanctions for discovery violations because "the trial court is in the best position to know whether parties are disregarding the rights of opposing parties in the course of litigation and which sanctions for such conduct are most appropriate." *McKenzie v. Scheeler*, 285 Mont. 500, 506, 949 P.2d 1168, 1172 (citing *Smith v. Butte-Silver Bow County*, 276 Mont. 329, 332, 916 P.2d 91, 93 (1996)). *See also Linn v. Whitaker*, 2007 MT 46, ¶ 13, 336 Mont. 131, 152 P.3d 1282.

¶7     Mundel argues the District Court should have granted her attorney's fees and costs pursuant to M. R. Civ. P. 37(c)(2) when Farmers failed to admit matters in requests for admissions thus needlessly requiring litigation of those issues.  Mundel bases her argument on the assumption that after a party fails to admit what is later proven true, M. R. Civ. P. 37(c)(2) requires a district court to order payment of attorney's fees incurred in proving the fact.  M. R. Civ. P. 37(c)(2) provides:

> (2) Failure to Admit.  If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney fees, incurred in making that proof.  The court must so order unless:
> (A) the request was held objectionable under Rule 36(a);
> (B) the admission sought was of no substantial importance;
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
> (D) there was other good reason for the failure to admit.

¶8     Mundel argues the District Court completely failed to apply the factors in M. R. Civ. P. 37(c)(2) to her request for attorney's fees.  Under M. R. Civ. P. 37(c)(2) the district court must order sanctions unless, among other things, "there was other good reason for the failure to admit."  M. R. Civ. P. 37(c)(2)(D); *Tempel v. Benson*, 2015 MT 84, ¶ 21, 378 Mont. 401, 346 P.3d 342.  "When it is not possible for this Court to make a ready, confident, and accurate determination of a party's good faith in the discovery process, we presume the correctness of the District Court's action under Rule 37." *Owen v. F. A. Buttrey Co.*, 192 Mont. 274, 280-81, 627 P.2d 1233, 1237 (1981).

¶9     The District Court denied Mundel's post-trial motion for attorney's fees and costs stating, "upon review of the discovery requests in this matter, the Court does not find it

appropriate to award sanctions to Ms. Mundel under Rule 37, Mont. R. Civ. P." The District Court found it was not appropriate to award sanctions, and we defer to the District Court.

¶10 Mundel further argues, citing *Mountain W. Farm Bureau Mut. Ins. Co. v. Brewer*, 2003 MT 98, ¶ 36, 315 Mont. 231, 69 P.3d 652, that she is entitled to attorney's fees as the prevailing party in the action. Here, Mundel was not the prevailing party. As the District Court noted, "because Ms. Mundel failed to prove that her total damages exceeded Ms. Bauer's available bodily injury limit, the Court concludes that Farmers is the prevailing party." As she remains the non-prevailing party, Mundel is not entitled to attorney's fees under *Brewer*.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT

5